1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BERMAN, | No.  1:16-cv-854 DAD-BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITHOUT LEAVE TO AMEND** |
| v. | |
| CIRCUIT COURT OF MONTGOMERY COUNTY MARYLAND, | **TWENTY-ONE DAY DEADLINE** |
| Defendant. | |

Plaintiff John Berman ("Plaintiff") proceeds pro se and in forma pauperis in this civil action.  Plaintiff's Complaint, filed on June 20, 2016, is currently before the Court for screening.

**Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per.  28 U.S.C. § 1915(e)(2).  Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

1

(2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences*." Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012), *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**Plaintiff's Allegations**

While difficult to decipher, the Complaint in this case appears to concern a "pre-filing restriction" filed in the Circuit Court of Montgomery County Maryland ("Maryland Court") prohibiting Plaintiff "from submitting any filing pro se without justification in the Maryland Circuit Court."  (Pl's Compl. ¶ 7, Doc. 1.)

Plaintiff alleges that in 2010, the Maryland Circuit Court appointed Plaintiff "guardian of person" Bella Berman, Plaintiff's Mother. (Compl. ¶ 3.)  In July 2012, Plaintiff took Mrs. Berman on a trip to California for a medical evaluation and to visit relatives. (Compl. ¶ 3.) In January 2014, at some time after traveling to California, Judge Robert A. Greenberg and Defendant the Maryland Court ordered Plaintiff to "provide the court with the name(s) and telephone number(s) of at least one gerontologist, located near Bella's current residence in California" to determine whether it was "safe for Bella to travel by airplane."  (Compl. ¶ 4.)  Judge Berman also ordered Plaintiff "as Guardian of the Person for Bella Berman" to provide a HIPAA authorization so that Judge Berman could "speak to the gerontologist before the gerontologist examines Bella." (Compl. ¶ 4.)

Plaintiff alleges that he was unable to obtain the requested HIPAA authorization and

2

otherwise comply with the Maryland Court's order because a medical waiver is a "complex legal document." (Compl. ¶ 6.)

In March 2014, after Plaintiff failed to provide the HIPAA authorization, the Maryland Court issued an "Order to Show Cause ("OSC") why Plaintiff should not be held in constructive civil contempt of the Maryland Court." (Compl. ¶ 7). Plaintiff claims that he attempted to respond to the OSC but the Court "would not consider his papers" because the Maryland Court instituted a pre-filing restriction prohibiting him from submitting any filing without a pre-filing explanation or justification. (Compl. ¶ 7).

On March 21, 2014, Defendant Maryland Court issued an arrest warrant for Plaintiff ostensibly for Plaintiff's failure to comply with the Maryland Court's order. (Compl. ¶ 7.) Plaintiff filed a writ of mandamus challenging the warrant for his arrest and the pre-filing restriction, but the writ was denied without comment. (Compl. ¶ 8.) Plaintiff later filed appeals to the Maryland Court of Special Appeals and Maryland's High Court of Appeals but all appellate efforts were denied. Plaintiff alleges that he has currently "exhausted all avenues of review in Maryland Courts." (Compl. ¶ 8.)

Plaintiff filed this action on June 20, 2016, in the Eastern District of California on the basis of federal question jurisdiction alleging that Defendant Maryland Court denied his right of due process by imposing the "pre-filing restriction" without notice or hearing. (Compl. ¶ 10.) Plaintiff also alleges that the "imposition of a 'body attachment' arrest warrant" was in further violation of his due process. Plaintiff seeks monetary damages, injunctive relief declaring that the arrest warrant was unlawful, and any other "relief the Court may deem just, proper and appropriate." (Compl. ¶ at pg. 6.)

## DISCUSSION

### A.    Venue is Improper in the District

An initial review of this action reveals that Plaintiff's case lacks proper venue. Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as

otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim  occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

The sole Defendant in this action is the Maryland Court which is located in Montgomery County, Maryland.  Section 1391(b)(1) therefore provides no basis for venue here in the Eastern District of California.  Plaintiff's Complaint further concerns events occurring entirely within the State of Maryland. Section 1391(b)(2) therefore also provides no basis for venue in this district. *See* 28 U.S.C. § 1391(b)(2).  As explained, Plaintiff alleges that the pre-filing restriction entered in the Maryland Court was in violation of his civil rights. The complained of violations therefore arose in Montgomery County, Maryland which is situated in the United States District Court for the District of Maryland.  *See* 28 U.S.C. § 100(c)(2). While Plaintiff alleges that he was living in the Eastern District of California at the time the pre-filing restriction was entered, it is clear that nothing in the complaint connects any claims to this District as no conduct is alleged to have occurred in the Eastern District of California. Thus, the proper venue for this action, if any, is the District of Maryland, Northern or Southern Divisions, but not the Eastern District of California. *See* 28 U.S.C. § 100(c)(1), (2); *Costlow*, 790 F.2d at 1488.

Where venue is improper, the Court may transfer a case to a proper venue, rather than dismiss, "if it be in the interest of justice." 28 U.S.C. § 1406(a). Here, however, as discussed further below, Plaintiff's Complaint seeks to bring claims that are barred by the Eleventh Amendment. The Court therefore finds that dismissal rather than transfer to the District of Maryland is appropriate. *See Wilson v. Allied-Barton Sec. Servs.,* 2011 U.S. Dist. LEXIS 47373 2011 WL 1669005, *6 (E.D. Cal. May 3, 2011) (*citing King v. Russell*, 963 F.2d 1301, 1304 (9th

4

Cir.1992)) (dismissal, rather than transfer, appropriate where the transfer would be futile because the case would be dismissed even after transfer).

Accordingly, pursuant to 28 U.S.C. § 1406(a) (court "shall dismiss" for improper venue), the Court RECOMMENDS that this case be dismissed.

### B.      Eleventh Amendment Immunity

Plaintiff's claims against the Maryland Court are barred by the Eleventh Amendment. *See Simmons v. Sacramento County Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003). Plaintiff cannot state a claim against the "Maryland Court" because it is not a "person" within the meaning of § 1983. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).  In addition, arms of the state, such as the state courts, are immune from suit under the Eleventh Amendment. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Further, to the extent he implicates Judge Greenberg, Plaintiff cannot state a claim against a judge based upon his or her rulings in Plaintiff's underlying guardianship proceeding because judges are absolutely immune from suit. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).

Both the Maryland Court and Judge Greenberg are entitled to absolute judicial immunity for the acts upon which this complaint is brought.  Because the acts which Plaintiff contends violated his civil rights are judicial acts for which absolute judicial immunity applies, the Court finds that this action is frivolous.  *See Genthner v. Smith*, 2016 U.S. Dist. LEXIS 31191 (E.D. Cal. Mar. 10, 2016) (finding claims against judges acting within the scope of a judicial proceeding to be frivolous as a matter of law).  The Court recommends that this action be dismissed as frivolous and for failure to state a cognizable claim.[1]

### C.      Leave to Amend

Although the Court typically grants a pro se plaintiff leave to amend his or her pleading, for the reasons stated above, the above-described defects cannot be cured by more detailed factual allegations or revision of Plaintiff's claims. Significantly, Plaintiff's pleading does not allege a

---

[1]      The Court also notes, without analyzing, that Plaintiff's claims maybe barred by the *Rooker Feldman* doctrine.  Under *Rooker-Feldman*, the Court "must pay close attention to the relief sought by the federal-court plaintiff." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004). If the redress that is sought by plaintiffs is to "undo" the prior state-court judgment, the relief is barred.

cognizable claim as suits against the Maryland Court are barred by the Eleventh Amendment, and in any event, improper venue in this particular case warrants dismissal pursuant to 28 U.S.C. § 1406(a). Courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Accordingly, the Court finds that amendment of the complaint would be futile and therefore recommends that this action be dismissed.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.      Plaintiff's complaint, filed June 20, 2016, be DISMISSED without leave to amend for failure to state a claim; and

2.      This action be DISMISSED, without prejudice, for improper venue;

3.      The Clerk of the Court is directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __July 8, 2016__                    ___/s/ Barbara A. McAuliffe___
                                             UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28